Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00783-CR

Armando **SIMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2132
Honorable Pat Priest, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:   October 17, 2012

AFFIRMED

Armando Simon was convicted by a jury of the offense of failing to comply with a sex offender registration requirement. On appeal, Simon challenges the sufficiency of the evidence to support his conviction. We affirm the trial court's judgment.

### TRIAL TESTIMONY

Officer Michael Allen worked in the sex offender registration unit of the Bexar County Sheriff's Office when Simon initially reported to register. Officer Allen explained that when a

sex offender initially reports to the sheriff's office, the person completes a prerelease notification form referred to as a CR-32. The form lists the registration requirements with which the sex offender must comply. Officer Allen identified the CR-32 signed by Simon on June 12, 2008, reporting his address as 9515 Flaming Run, Helotes, Texas. Officer Allen also identified a sex offender update form or CR-39 signed by Simon on December 2, 2008, reporting a change of address to 14001 Oak Meadows, #2024, Live Oak, Texas. Finally, Officer Allen identified a second CR-39 signed by Simon on December 9, 2008, reporting a change of address to 9515 Flaming Run, Helotes, Texas.

On December 2, 2009, Officer Allen came into contact with Robert Behney, who was a registered sex offender moving into Bexar County's jurisdiction from another jurisdiction. In updating his address, Behney listed his address as 9515 Flaming Run, Helotes, Texas. During his interview, Behney stated that he began moving to that address on November 18, 2009. Behney also told Officer Allen that he did not know Simon. Based on this information, Officer Allen began investigating Simon's whereabouts.

Officer Allen testified that Simon called the sheriff's office on December 3, 2009, and stated he was separating from his wife and would need to move. Simon was given an appointment on December 10, 2009 to update his registration. On December 10, 2009, Simon called the office and told Officer Allen that he had not been able to secure a place to live and "was going to be living in a parking lot probably" and "gave [Officer Allen] the parking lot at — of the H.E.B. at Bandera and 1604."

Officer Allen investigated further and contacted Tina Ornelas, who he knew to be another resident of the house at 9515 Flaming Run. Ornelas gave Officer Allen a written statement on December 14, 2009. From the information he gathered from Behney and Ornelas, Officer Allen

determined that Simon had not been living at 9515 Flaming Run since approximately November 13, 2009. Because Simon was past the deadline for updating his registration, Officer Allen began the process of generating a warrant for Simon's arrest.

Around 7:00 a.m. on December 15, 2009, Simon was stopped by an officer for a defective headlamp. Simon told the officer his address was 7261 Rimwood. During his testimony, the officer was asked if the address Simon gave is in Live Oak, Texas. The officer responded that Rimwood is a street located in Live Oak, but 7261 is not an address on that street.

Tina Ornelas knew Simon through his wife Telly. On December 2, 2008, Telly rented the house at 9515 Flaming Run from Ornelas, where Simon, Telly, and their two children thereafter resided. In September of 2009, Ornelas informed Simon and Telly that they would need to find another place to live because Ornelas and her husband would be moving into the house. When Ornelas and her husband arrived at the house on November 13, 2009, Simon and Telly's belongings had been moved from the house. Ornelas testified that Telly, Simon, and their children had moved to a residence on Rimwood in Live Oak on November 10th or 12th. Ornelas's niece and her husband, Behney, moved into the house with Ornelas and her husband on November 16th or 17th.

Around 7:30 p.m. on December 15, 2009, the officer assigned to execute Simon's arrest warrant and his partner went to the residence at 7217 Rimwood. Simon was arrested when he answered the door. Simon's two children were present at the residence at the time of his arrest.

Telly Simon testified that she and Simon separated in November of 2009. Telly stated that she hired a moving company to move her belongings from 9515 Flaming Run to 7217 Rimwood on November 12, 2009, where she has since resided. Telly testified that she planned to participate in a study at a medical research facility that began on December 15, 2009, and

asked Simon to watch their children.  Telly testified that she was aware that Simon was living in a car in November and December of 2009 and parked the car in Ornelas's driveway to sleep. Telly did not remember Simon telling her that he was living in his car at a parking lot.

## STANDARD OF REVIEW

In appeals in criminal cases, the only standard a reviewing court applies in reviewing sufficiency challenges is the *Jackson v. Virginia* legal sufficiency standard.  *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  Under that standard, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).  As a reviewing court, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony.  *Id.*

## APPLICABLE SEX OFFENDER REGISTRATION REQUIREMENTS

A person commits an offense if the person is required to register and fails to comply with any sex offender registration requirement.  TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2006).  Article 62.055(a) of the Texas Code of Criminal Procedure sets forth the requirements sex offenders must meet with regard to change of address registration and provides:

> If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department, and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address.  If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the

municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West Supp. 2011).

The Texas Court of Criminal Appeals has examined article 62.055(a) in terms of jury unanimity and the manner in which a jury should be charged. *See Young v. State*, 341 S.W.3d 417 (Tex. Crim. App. 2011). The court concluded that the Legislature intended for the unit of prosecution under article 62.055(a) to be one offense for each change of address. *Id*. at 426. The court further concluded that article 62.055(a) "creates a duty to notify law enforcement when a relevant circumstance is present — a sex offender changes addresses — but can be violated in either of two ways." *Id*. at 427. The court explained that reporting a change of address "not later than the seventh day before the intended change" and "not later than the . . . seventh day after changing the address" are "alternative manners and means of committing a single offense." *Id*. "Jurors must unanimously agree only that a sex offender failed to fulfill his reporting duty; they are not required to agree as to how he failed that duty." *Id*. at 427-28.

### SUFFICIENCY ANALYSIS

In his second issue, Simon asserts article 62.055(a) requires a person who changes addresses to provide "proof of residence," and since no evidence was offered to show that he was living at a new residence, the State failed to prove a violation of article 62.055(a). Simon's argument is based on the evidence that he was not living at a residence but was living in his car at a parking lot. The State responds that the evidence established that Simon had a new address — either 7217 Rimwood or the address of the parking lot where he was living in his car.

Ornelas testified that Simon moved with Telly to the residence on Rimwood. In addition, Simon informed the officer who stopped him for the defective headlight on December 15, 2009, that he lived on Rimwood. Finally, the evidence established that Simon was found at the

residence on Rimwood caring for his two children when the arrest warrant was executed. Although Simon told Officer Allen that he had separated from Telly and was living in his car at a parking lot, which also was supported by Telly's testimony, the jury could have disbelieved that evidence and, instead, believed that Simon was residing at the residence on Rimwood. Because we defer to the jury's determinations with regard to the credibility and weight to be given to the evidence, the evidence is sufficient to support Simon's conviction for failing to report an address change within seven days after changing addresses. Simon's second issue is overruled.[1]

### ARTICLE 62.055(i)

In his third issue, Simon contends that article 62.055(i) is the reporting requirement applicable to someone without a residence, demonstrating that someone without a residence is not capable of and, therefore, not required to comply with article 62.055(a). In other words, Simon argues the State cannot prove a violation of article 62.055(a) by someone without "proof of residence" because such a person is required to comply only with article 62.055(i). Article 62.055(i) provides:

> If a person required to register under this chapter resides for more than seven days at a location or locations to which a physical address has not been assigned by a governmental entity, the person, not less than once in each 30-day period, shall confirm the person's location or locations by:
>
> (1) reporting to the local law enforcement authority in the municipality where the person resides or, if the person does not reside in a municipality, the local law enforcement authority in the county in which the person resides; and
>
> (2) providing a detailed description of the applicable location or locations.

TEX. CODE CRIM. PROC. ANN. art. 62.055(i) (West Supp. 2011).

---

[1] We do not address Simon's first issue regarding the sufficiency of the evidence to support the alternative means for Simon to have violated the registration requirement, by failing report his intent to change addresses, because it is not necessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1

Simon's argument that article 62.055(i) is the only reporting requirement applicable to him is based on his contention that the evidence established that he was living in his car at a parking lot not at a residence. As previously noted, however, the jury could have rejected the testimony that Simon was living in his car based on Ornelas's testimony that he moved with Telly to the residence at Rimwood, his reporting that he lived at an address on Rimwood when he was stopped for the defective headlight, and the evidence that he was at the residence on Rimwood caring for his two children when the arrest warrant was executed. Simon's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH